UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 11 |
| | ) | |
| MICHAEL SCOTT MOGAN | ) | CASE NO. 22-01957 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, January 22, 2025, at 10:00 a.m.**, I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. 1112(b),** a copy of which is attached and is served on you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 122 6457,** and passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

        */s/ Suhey Ramirez*
        Suhey Ramirez, Attorney
        OFFICE OF THE U.S. TRUSTEE
        219 South Dearborn Street, Room 873
        Chicago, Illinois 60604
        (312) 353-5014

## CERTIFICATE OF SERVICE

I, Suhey Ramirez,

[X ] an attorney, certify - or –

[ ] a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this United States Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b), and Proposed Orders on each entity shown on the attached list at the address shown and by the method shown on January 14, 2025, at or before 5:00 p.m.

/s/ Suhey Ramirez

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- Daniel S. Agle    dagle@klinedinstlaw.com, msuarez-lopez@klinedinstlaw.com
- Kinnera Bhoopal    kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com
- David DeCelles    david.decelles@usdoj.gov
- Ronald J. Kapustka    ndaily@ksnlaw.com
- Natasha Mayat    nmyat@klinedinstlaw.com
- Michael Mogan    mm@michaelmogan.com
- Susan J. Notarius    snotarius@Klueverlawgroup.com, bknotice@klueverlawgroup.com
- Andrew Servais    aservais@rosinglaw.com, emunoz@klinedinstlaw.com
- Damali Taylor    dtaylor@omm.com, damali-taylor-3033@ecf.pacerpro.com
- Jillian Weinstein    jweinstein@omm.com, jillian-weinstein-7856@ecf.pacerpro.com

**Parties Served via First Class Mail:**

Michael Scott Mogan
1800 W Roscoe St
Unit 307
Chicago, IL 60657

Access Group
Firstmark Services
P.O. Box 82522
Lincoln, NE 68501-2561

Airbnb Inc.
Dave Willner, Jeff Henry and Sanaz Ebrahini
2710 Gateway Oaks Drive Suite 150N
Sacramento, CA 95833

Bank of America
PO Box 6500040
Dallas TX 75265

Bank of America, N.A.
C/O ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

Bank of America, N.A.
P.O. Box 31785
Tampa FL 33631-3785

2

Capital One Bank
PO Box 98875
Las Vegas NV 89193

Charter Communications
8014 Bayberry Rd
Jacksonville FL 32256

Citibank
P.O. Box 6497
Sioux Falls, SD 57117

City of Chicago-EMS
33589 Treasury Center
Chicago, IL 60694

Comcast
The Corporation Company
600 S. 2nd Street, Ste 104
Springfield, IL 62704

Comcast
1701 John F Kennedy Blvd
Philadelphia, PA 19103-2838

Comcast
41112 Concept Dr
Plymouth MI 48170-4253

Credit One Bank
33589 Treasury Center
Chicago, IL 89193

Credit One Bank
PO Box 98875
Las Vegas NV 89193

Dave Willner Jeff Henry
and Sanaz Ebrahini
1357 Johnson Street
Renton, WA 98057

Dave Willner, Jeff Henry
Sanaz Ebrahini and AirbnbInc
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Dept of Education/Neln
P.O. Box 82561
Lincoln, NE 68501-2561

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Discover Bank
P.O. Box 15316
Wilmington, DE 19850

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

J.P Morgan Chase Bank
P.O. Box 15369
Wilmington, DE 19850

Jeff Henry
c/o Damali Taylor
O'Melveny & Myers LLP
Two Embardaero 28th Floor
San Francisco, CA 94111

Las Vegas Athletic Club
c/o Thomas White
2655 S Maryland Dr Pkwy, Ste 201
Las Vegas, NV 89109

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Natasha Mayat
Klinedinst PC
501 W. Broadway, Suite 600
San Diego, CA 92101

Northwestern Medicine
P.O. Box 4090
Carol Stream, IL 60197

NV Energy Inc
8668 Spring Mountain Rd
Las Vegas NV 89117

Roscoe Village Condominium Assoc
Property Solutions Chicago Inc
901 N Leavitt
Chicago, IL 60622

Roscoe Village Lofts
c/o Property Solutions Chicago
PO Box 52971
Phoenix, AZ 85072

Roscoe Village Lofts
c/o Property Solutions Chicago
PO Box 52971
Phoenix, AZ 85072

Roscoe Village Lofts Condo Assoc.
c/o Kovitz Shifrin Nesbit
175 N. Archer Avenue
Mundelein, IL 60060

Sacks Glazier Franklin & Lodise
350 S Grand Ave #3500
Los Angeles, CA 90071

Sacks Ricketts and Case LLP
Michele Floyd and Jacqueline Young
C/O DMM Corporate Services LLC
6730 North Scottsdale road
Scottsdale, AZ 85252

Sacks, Ricketts & Case LLP
Klinedinst PC
501 W. Broadway, Suite 1100
San Diego, CA 92101

Sanaz Ebrahini, Jeff Henry &
641 E 17th Street Apt 131
Oakland, CA 94606

SBA
CESC-Covil EIDL Service Center
14925 Kingport Rd
Fort Worth, TX 76155

Select Portfolio Servicing Inc as
Servicer for
Federal Home Loan Mortgage
Corporation
P.O. Box 65250
Salt Lake City, UT 84165-0250

Specialized Loan Services
6200 S Quebec St Suite 300
Greenwood Village Co 80111

Specialized Loan Servicing LLC
6200 S. Quebec St.
Greenwood Village, Colorado 80111

Thomas Reuters
c/o Moss and Barrett
150 S Fifth Street, Suite 1200
Minneapolis, MN 55402

U.S. DEPARTMENT OF
EDUCATION C/O NELNET
121 S 13TH ST
LINCOLN, NE 68508

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 11 |
| | ) | |
| MICHAEL SCOTT MOGAN | ) | CASE NO.  22-01957 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014**

Adam G. Brief, Acting United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Suhey Ramirez, moves pursuant to 11 U.S.C. § 1112(b), for an order dismissing the above captioned Chapter 11 case for "cause" or in the alternative converting it under Chapter 7 (the "Motion"). In support of the Motion, the United States Trustee states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1134.

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

**I.     INTRODUCTION**

5. Cause exists to dismiss the chapter 11 case because the debtor has failed to

5

expeditiously prosecute the bankruptcy case by failing to propose a confirmable plan in almost three (3) years since he filed for bankruptcy. As of the date of this Motion, the Debtor has filed three amended plans to no avail. Furthermore, the debtor has continuously operated on a negative monthly cash flow and therefore has a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

6. For these reasons, the U.S. Trustee has established cause to dismiss or convert this case pursuant to Section 1112(b). Under the circumstances and to avoid further harm to creditors, the Motion should be granted.

7. The U.S. Trustee reserves the right to raise other grounds for conversion or dismissal based on any papers filed or testimony taken at or before the hearing on this Motion.

## II. BACKGROUND FACTS AND PROCEDURAL POSTURE

### a. The Debtor's Chapter 13 Bankruptcy Case

8. On February 22, 2022, Debtor Michael Scott Mogan ("Debtor") filed a *pro se* voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Bankruptcy Case"). Dkt No. 1.

9. The Chapter 13 section 341(a) Meeting of Creditors for the Bankruptcy Case was held and concluded on March 22, 2022. Dkt No.5.

10. On March 8, 2022, the Debtor filed its Chapter 13 Plan. Dkt No. 15. A secured lender objected to confirmation on the grounds that it impermissibly modified the rights of the creditor by not properly paying the allowed secured proof of claim amount. Dkt No. 18.

11. On March 17, 2022, the Chapter 13 Trustee moved to dismiss the Bankruptcy Case on the grounds that the Debtor was ineligible for chapter 13 due to its debt limits. Dkt No.

12. In response, the Debtor filed a Notice of Objection on March 22, 2024, along

with its own Motion to Convert his case to Chapter 11, which was subsequently granted. Dkt No. 15 and 22.

### b. The Debtor's Chapter 11 Case

13. The Debtor's Chapter 11 section 341(a) Meeting was held and concluded on May 11, 2022. Dkt No. 29.

### c. The Debtor's Assets and Liabilities

14. According to the Debtor's Schedule A/B, he has an ownership interest in, among other things, a condominium or cooperative valued at $270,000 and a 2007 Mercedes CLK550 valued at $7,000 (the "Assets"). Dkt No. 10.

15. On Schedule D, the Debtor listed secured debt in the amount of $185,612. *Id*. at Sch. D.

16. On Schedule E/F, the Debtor listed priority debt consisting mostly of student loans in the amount of $563,504 and nonpriority unsecured claims in the amount of $23,847.50. *Id*. at Sch. E/F.

17. The deadline to file proofs of claim was May 3, 2022.

18. On Schedule I, the Debtor indicated that he was self-employed as an accountant/attorney and made $5,000 in gross monthly income. *Id*. at Sch. I.

### b. The Debtor's Monthly Operating Reports Indicate that the Debtor Continuously Operates on a Negative or Low Monthly Cash Flow.

19. Based on the MORs filed in the past year, it appears the Debtor has continuously operated on a negative monthly cash flow or on a low balance. Dkt Nos. 153, 170, 182, 189, 202, 207, 215, 233, 243, 248, 260, and 279.

    i. The chart below indicates the Debtor's monthly cash receipts, disbursement and net cash flow since the Bankruptcy Case commenced:

| Reporting Period | Cash Receipts | Cash Disbursements | Net Cash Flow |
|---|---|---|---|
| November 2024 | $2,836 | $3,500 | -$664 |
| October 2024 | $5,567 | $5,498 | $69 |
| September 2024 | $4,070 | $3,970 | $100 |
| August 2024 | $2,427 | $2,860 | -$433 |
| July 2024 | $3,006 | $2,420 | $586 |
| June 2024 | $3,559 | $3,977 | -$418 |
| May 2024 | $3,484 | $3,992 | -$508 |
| April 2024 | $6,612 | $4,472 | $2,140 |
| March 2024 | $7,993 | $6,810 | $1,183 |
| February 2024 | $3,198 | $4,034 | -$836 |
| January 2024 | $5,038 | $4,800 | $238 |
| December 2023 | $4,041 | $3,458 | $583 |

    **c. Chapter 11 Plan of Reorganization and Court's Order to Show Cause**

20.    On August 2, 2023, the Debtor filed a Chapter 11 Plan of Reorganization (the "Initial Chapter 11 Plan") indicating that unsecured creditors will be paid 20% of their claims. Dkt No. 104. Based on the U.S. Trustee's review of the initial plan, the U.S. Trustee advised the Debtor that he was required to file a disclosure statement first; the plan hinged almost entirely on speculative funds, which was not permitted; and that the Initial Plan was not feasible based on information contained in the MORs.

21. The Debtor subsequently amended the Plan and proposed to increase his income to be able to pay the 20% of the unsecured claims (the "Amended Plan"). Dkt No. 174. This Court did not confirm the Amended Plan.

22. On July 31, 2024, this Court ordered the Debtor to show cause as to why the Bankruptcy Case should not be dismissed. Dkt No. 222. The Debtor filed a response and several supplemental responses and ultimately filed a Second Amended Plan which proposed to pay the United States Department of Education (DOE) (it's largest creditor) a total of $21,561 over a 3-year plan. Dkt. No. 210. On December 4, 2024, the Court entered an order denying confirmation of the Second Amended Plan. Dkt Nos. 222, 227, 237, 261, 263. The Cour's Order to Show Cause is still pending and on for a continued hearing January 15, 2025.

23. The same day, the Debtor filed its third amended plan (the "Third Amended Plan"). Dkt No. 265. The Third Amended Plan proposes, in relevant part, to make payments from income derived from the Debtor's annual salary pay increase beginning January 2025. *Id*. The Debtor indicated that starting January 2025 he will be paid an annual salary of $100,000, which will successfully allow him to fund the plan. *Id.*

24. On December 8, 2024, he filed a third amended disclosure statement, which was set for a hearing on January 8th, 2025, and continued to January 15th, 2025, to be heard with the Debtor's Motion to Convert to Subchapter V or Chapter 7 (explained further below). Dkt No. 266, 267, 269, 272, 273, 276.

25. Based on the U.S. Trustee's review of the Third Amended Plan, it does not account for all the Debtor's unsecured debts and when it was filed hinged on speculative income that the Debtor had not yet earned. Furthermore, the Third Amended Plan fails to show what if anything the Debtor will be paying his largest unsecured creditor, the Department of Education

9

each month and/ or how the Debtor's increased income will result in a positive cash flow, given that the Debtor has consistently been in the negative.

26. As of the date of this Motion, the Third Amended Plan has not been confirmed.

**d.  Motion to Convert to Subchapter V or Chapter 7**

27. On December 9, 2024, the Debtor filed a Motion for Leave to Convert his Chapter 11 Case to Subchapter V or in the Alternative Motion to Convert his Chapter 11 Case to a Chapter 7 ("Motion to Convert"). Dkt No. 273.

28. The Debtor argued in relevant part, that the DOE did not wish to vote in favor of the second amended plan under Chapter 11 and that the Debtor is no longer seeking discharge of his student loans and will pay the remaining unsecured general creditors 100% of amounts owed. *Id*.

29. Contemporaneously, with this Motion, the U.S. Trustee is filing an objection to the Motion to Convert, for similar grounds raised in this Motion; that it was filed in bad faith and that conversion to Subchapter V would be futile because he has not demonstrated feasibility.

30. For these reasons, cause exists to dismiss the Debtor's case.

### III.  ARGUMENT

**A.  CAUSE EXISTS TO DISMISS OR CONVERT THE BANKRUPTCY CASE**

31. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

32. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case

may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); and *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

33. "The court must convert a case to chapter 7 or dismiss the case if there is 'cause' to do so" unless the debtor can establish one of the exceptions. *See In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). Once cause is established, the debtor has the burden of proving the required exceptions to fend off conversion or dismissal. *Id.* To fend off conversion or dismissal, the court must find "unusual circumstances" "establishing that converting or dismissing the case is not in the best interest of creditors and the estate." 11 U.S.C. §1112(b)(2). And, the debtor or another party must establish (A) there is a reasonably likelihood that a plan will be confirmed as provided for in sections 1121(e) and 1129(e) or within a reasonable time if those section do not apply and (B) "the grounds for converting or dismissing the case include an act or omission of the debtor other than paragraph [§1112(b)] (4A) – (i) for which there exists a reasonable justification for the act or omissions; and (ii) that will be cured within a reasonable period of time fixed by the court." *Id.*

    i.    **Cause Exists under 1112b(4)(A) to Dismiss or Convert Because there is a Diminution of the Estate and Absence of a Reasonable Likelihood of <u>Rehabilitation</u>.**

34. Cause also includes the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A); *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009). There are two elements to consider under Section 1112(b)(4)(A): (i) a "substantial or continuing loss to or diminution of the estate," and (ii) the "absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A). Both elements are present here.

> ii. **The Debtor's Negative and Low Cashflow Demonstrates a Substantial and Continuing Loss to the Estate.**

35. In this case, the first prong is met because the Debtor has a substantial and continuing loss to the estate. The first element, a continuing diminution of the estate, can be satisfied by showing "that the debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief or that the debtor's assets have declined in value since the case was commenced." *In re Creekside Senior Apts., L.P.* 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (citation omitted).

36. The Debtor's MORs demonstrate both a substantial and continuing loss and diminution of the estate. The Debtor has been in bankruptcy for almost three years. According to the Debtor, he is self-employed as an accountant and lawyer. Notwithstanding, he has failed to earn sufficient income from either field to fund a plan of reorganization. In the past year alone, the Debtor's MORs demonstrate that he has maintained either a negative or low monthly cash flow, which demonstrates a substantial and continuing loss and diminution of the estate. *See In re 4 C Sols., Inc.*, at 365; *In re V Cos.*, 274 B.R. 721, 723 (Bankr. N.D. Ohio 2002) (where debtor continues to suffer negative cash flow first prong is met).

37. Accordingly, the first element is met.

**B. The Debtor Does Not Have a Reasonable Likelihood of Rehabilitation, Since It Does Not Have Sufficient Income to Support a Plan.**

38. With respect to the second element, rehabilitation has been defined as whether the debtor will be able to reestablish its business— "the standard under section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Costa Bonita Beach Resort Inc.*, 479 B.R. 14, 43 (Bankr. D.P.R. 2012) (quoting 7 *Collier on Bankruptcy*

¶ 1112.04[6][a][ii]). Moreover, courts have found that a debtor lacks a reasonable likelihood of rehabilitation where its only source of income is speculative. *See In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 743–44 (Bankr. N.D. Ill. 2004).

39. Here, the Bankruptcy Case has been pending for almost three (3) years. During this time, the Debtor has attempted to confirm a plan four times (not including his chapter 13 plan). A review of the Debtor's Third Amended Plan indicates that the Debtor intends on relying on income from a potential salary increase that the Debtor was not yet earning at the time he filed. Furthermore, it is unclear if and how the salary increase would cure the negative cash flow issues the Debtor has experienced since the beginning of this case. Furthermore, the Third Amended Plan does not appear to account for the amount the Debtor will now pay the DOE since he is no longer seeking discharge of his student loans. Since the Debtor's plan to rehabilitate itself is contingent on speculative income and does not account for all of the claims, rehabilitation appears unlikely.

40. Based on the foregoing, the Debtor does not have a reasonable likelihood of rehabilitation. *In re Wallace*, 2010 WL 378351 at * 4 (Bankr. D. Idaho Jan. 26. 2010) ("The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether continuance of the reorganization effort is justified.") (quotations and citations omitted).

41. Therefore, as both prongs of the statutory test set forth in 11 U.S.C. § 1112(b)(4)(A) have been established, cause exists to convert or dismiss this case.

B. **UNUSUAL CIRCUMSTANCE EXCEPTION DOES NOT APPLY**

42. Section 1112(b)(2) provides that the "unusual circumstances" exception does not apply if the cause for dismissal or conversion is "substantial or continuing loss or diminution of

13

the estate" as set forth in § 1112(b)(4)(A). *See* 11 U.S.C. § 1112(b)(2)(B); *see also In re Creekside Senior Apts., L.P.*, 489 B.R. at 63. As discussed above, the U.S. Trustee can establish cause under § 1112(b)(4)(A) to either convert or dismiss this case. Once cause is shown, "it is incumbent on the debtor to show that relief under section 1112(b) is not warranted." *See Matter of Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994).

43. The question of whether conversion or dismissal is in the best interests of creditors and the estate is a question committed to the discretion of the bankruptcy court. *In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). In answering that question, courts often weigh which course of action will lead to the largest number of creditors receiving the most amount of money in the shortest period. *See in re Aurora Memory*, 589 B.R. at 643. Courts also compare how creditors would fare trying to collect from the debtor in bankruptcy court as opposed to outside of bankruptcy. *Id*. In comparing those two scenarios, a key question is the availability of estate assets for a bankruptcy trustee to liquidate and use to pay creditors the money the debtor owes them. *Id*.

44. In this case, it is in the best interest of creditors and the estate that the Bankruptcy Case be dismissed. Although, the Debtor does have assets, it does not appear that the Debtor has equity in the assets. Therefore, there would be little or no non-exempt assets for a chapter 7 Trustee to liquidate and distribute for the benefit of unsecured creditors. Given that there would be no further benefit to creditors or the estate from the continued pendency of the case, dismissal appears appropriate.

45. Alternatively, should the Court determine that conversion is in the best interests of creditors, the U.S. Trustee does not object to such conversion.

## IV.     CONCLUSION

46.     Based upon the foregoing, the U.S. Trustee respectfully requests this Court enter an order (1) granting the Motion; (2) dismissing the Bankruptcy Case or in the alternative converting the case; and (3) for such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED:

ADAM G. BRIEF
ACTING UNITED STATES TRUSTEE

Dated: January 14, 2025        By:    */s/ Suhey Ramirez*
Suhey Ramirez, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 353-5014